[Civ. No. 5969. First Appellate District, Division Two.—November 7, 1927.]

B. L. CLARK, Respondent, v. E. W. MORRIS et al., Appellants.

Dave F. Smith and Walter T. Casey for Appellants.

Hilton & Critchley for Respondent.

KING, P. J., *pro tem.*—The action is for a sum claimed under an oral contract of employment at $120 per week and ten per cent of all business secured by plaintiff, amounting to $3,268.50.

The answer of E. W. Morris and Daisy L. Morris and Morris Audit Company (no other defendant appearing) admits that plaintiff entered into the contract of employment with defendant E. W. Morris by which plaintiff was to

receive $120 per week and ten per cent "commission on all fees or charges paid to defendants by its clients over and above the sum of $25,000.00; that under said sum of $25,000.00 plaintiff was to receive no commission."

The answer also denies that E. W. Morris and Daisy L. Morris were copartners conducting business under the firm name and style of Morris Audit Company (as alleged in the complaint), "but allege that the Morris Audit Company is E. W. Morris."

Defendants filed an amendment to the answer, alleging that the amount of "fees obtained by plaintiff for the defendants" was $30,320.02.

The court found for plaintiff and gave judgment against the defendants for $3,032, commissions on this full amount, and $80 balance of salary.

Defendant's motion for a new trial was denied, and appeal taken from the judgment and from the order denying motion for new trial.

■ The main contention by appellants is the highly technical claim that:

"1. There was no copartnership.

"2. Daisy S. Morris was not a copartner in Morris Audit Company.

"3. No contract was entered into by the plaintiff to which Daisy L. Morris was a party, and under which she incurred any obligation or had any liability.

"4. The contract sued upon was between the plaintiff and E. W. Morris only, and E. W. Morris alone is liable thereunder."

It is true that no evidence was introduced as to the Morris Audit Company being a copartnership nor was Daisy L. Morris mentioned in the testimony.

However, counsel for defendants announced at the beginning of the trial "There is only one issue I believe. Our contention is that he was to receive ten per cent after the sum of $25,000.00 had been solicited." He then by consent filed the amendment to answer mentioned above which alleged the amount of fees obtained by plaintiff "for the defendants" was $30,320.02.

Again, on page 28 of the reporter's transcript, appellants' counsel remarked to the court: "As I said in the beginning, there is only one point at issue."

In the answer appears this language: "defendants allege that plaintiff was to receive ten per cent commission on all fees or charges paid to the defendants by its clients over and above the sum of $25,000.00."

And again, "defendants allege that plaintiff was employed as a traveling man for defendants" etc.

And, "These defendants deny that they have failed, neglected and refused, and still refuse to perform their part of the said contract."

And "allege that they did not become indebted to plaintiff in excess of the sum of $688.00 under said contract."

And "allege that all of the alleged indebtedness owing to plaintiff by defendants has been satisfied by reason of the overpayment to plaintiff by defendants."

From the evidence and from the statements of counsel above quoted the court made its findings:

"1. That the defendants entered into a contract with plaintiff, whereby the plaintiff was to render service to the defendants for the year 1920 at the agreed wage or salary of $120.00 per week and the further sum of ten per cent on all business that the plaintiff should procure for the defendants.

"That the plaintiff procured business for the defendants in the sum of $30,320.00 during the said calendar year of 1920," etc.

The court having chosen to believe plaintiff's testimony as to the contract between the parties, these findings and the judgment following them are in accord with the statement of defendants' counsel to the court and with the allegations of defendants' answer.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.